TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division
LANA MORTON OWENS (Cal. Bar No. 233831)
Assistant United States Attorney
Deputy Chief, National Security Division
JENNA W. LONG (Cal. Bar. No. 332192)
Assistant United States Attorney
National Security Division
SEBASTIAN BELLM (Cal. Bar No. 359407)
Assistant United States Attorney
General Crimes Section, Criminal Division
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-8692/3547/0119
     Facsimile:  (213) 894-2927
     E-mail:     jenna.long@usdoj.gov
                 lana.owens@usdoj.gov
                 sebastian.bellm@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 25-731(A)-JFW-8 |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT AS TO DEFENDANT HECTOR DANIEL RAMOS |
| v. | |
| ADAM CHARLES PALERMO, et al., | |
| Defendants. | **CURRENT TRIAL DATE:** June 23, 2026, at 8:30 a.m. **PROPOSED TRIAL DATE:** January 12, 2027, at 8:30 a.m. |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Jenna W. Long, Lana Morton Owens, and Sebastian Bellm, and defendant Hector

Daniel Ramos ("defendant"), both individually and by and through his counsel of record, George B. Newhouse, Jr., hereby stipulate as follows:

1.    On November 7, 2025, a First Superseding Indictment charging all defendants was filed.  (Dkt. No. 106.)  Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on October 29, 2025.  (Dkt. No. 72.)  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before January 16, 2026.

2.    On November 25, 2025, the Court set a trial date of December 30, 2025.  (Dkt. No. 131.)

3.    Defendant is released on bond pending trial.  (Dkt. No. 72.)  The parties estimate that the trial in this matter will last approximately two to three days.

4.    The Court has previously continued the trial date in this case from December 30, 2026 to June 9, 2026, along with several co-defendants, and found December 15, 2025 to June 9, 2026, inclusive, to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.  The Court also set a status conference and hearing on motions for June 1, 2026.  At a status conference on April 20, 2026, the Court scheduled defendant's trial (along with one-co-defendant that the Court did not sever from defendant's trial) to June 23, 2026 to follow trial groups one and two in the above-captioned indictment.  (Dkt. No. 218.)

5.    By this stipulation, defendant moves to continue the trial date to January 12, 2027, and the status conference and hearing on motions to December 28, 2026.  This is the second request for a continuance as to defendant's trial date.

6.   Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.   The government and defendant has entered into written pretrial diversion agreement.  In the agreement, the parties agree that the prosecution of defendant shall be deferred for a period of six months, provided defendant abides by all the conditions of diversion.  If, upon completion of defendant's period of diversion, defendant has complied with all the conditions of diversion, the government will move to dismiss the First Superseding Indictment against defendant.

b.   Based on the foregoing, the government and defendant request a continuance to allow defendant to demonstrate a period of good conduct and complete his pretrial diversion period.

c.   Defendant is charged with a violation of 18 U.S.C. § 231(a)(3): Obstructing, Impeding, or Interfering with Law Enforcement During Civil Disorder.  (Dkt. No. 106.)  The government has produced discovery to the defense, including approximately 330 gigabytes of video files, approximately 20 gigabytes of other materials, with over 9,000 bates numbered pages and items.  This includes, among other things, legal process, investigative reports and materials from multiple law enforcement agencies, records, social media and other digital evidence, including items seized from digital devices.

d.   Further, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial

3

motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e.    Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

f.    The government does not object to the continuance.

g.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

7.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of June 9, 2026, to January 12, 2027, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(2), (h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into

account the exercise of due diligence; and (iv) it provides defendant time to demonstrate his good conduct pursuant to a written agreement with the government.

8.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: April 28, 2026              Respectfully submitted,

                                   TODD BLANCHE
                                   Acting Attorney General
                                   BILAL A. ESSAYLI
                                   First Assistant United States Attorney

                                   IAN V. YANNIELLO
                                   Assistant United States Attorney
                                   Chief, National Security Division


                                        /s/ *Jenna W. Long*
                                   JENNA W. LONG
                                   LANA MORTON OWENS
                                   SEBASTIAN BELLM
                                   Assistant United States Attorneys

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA



                                        /s/
                                   GEORGE B. NEWHOUSE, JR.

                                   Attorney for Defendant
                                   HECTOR DANIEL RAMOS

5

CERTIFICATION OF GEORGE B. NEWHOUSE, JR.

I am Hector Daniel Ramos's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than January 12, 2027 is an informed and voluntary one.

_____          _____
GEORGE B. NEWHOUSE, JR.                    Date APRIL 28, 2026

Attorney for Defendant
HECTOR DANIEL RAMOS

6

CERTIFICATION OF HECTOR DANIEL RAMOS

I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than January 12, 2027.  I understand that I will be ordered to appear in Courtroom 7A of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on December 28, 2026, at 8:00 a.m., and January 12, 2027, at 8:30 a.m.

_____        4/28/2026
HECTOR DANIEL RAMOS                     Date
Defendant

7