**Kenneth A. Reed**
**Law Offices of Kenneth A Reed**
**406 West Fourth Street**
**Santa Ana, CA 92701**
**(714) 953-7400**
**Fax: (714) 953-7412**
**Kenneth@kennethreedlaw.net**

Attorney for: Yachua M. Flores

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

                Plaintiff,

    vs.

YACHUA MAURICIO FLORES

                Defendant.

Case No.: 25-cr-00731-JWF

**DEFENDANT FLORES SENTENCING POSITION**

**Date: July 6, 2026**
**Time: 8:00 a.m.**
**Crt.: Hon. John F. Walter**

**I.**
**INTRODUCTION**

    Defendant, Yachua M. Flores, by and through his attorney of record, Kenneth A. Reed, hereby files his sentencing position.

    This sentencing position is based upon the attached memorandum, the disclosed recommendation letter, and the Presentence Investigation Report.

    Mr. Flores has reviewed the probation and sentencing report,as well as the sentencing recommendation, he has no outcome determinative objections to the factual statement,

Guideline calculation, or criminal history calculation.  Mr. Flores adopts the factual basis of the plea agreement and he stands by that admission.   Mr. Flores does take issue with paragraphs twenty-eight and twenty-nine of the PSR.[1]

Paragraph twenty-eight implies a legal state of mind that the probation officer could not possibly determine from the video, aand a state of mind that was not admitted by Mr. Flores at either the signing or the allocution of the plea.

Paragraph twenty-nine as stated describes a video that depicts a flag burning.  Flag burning is a form of symbolic protest protected as free speech under the First Amendment of the U.S. Constitution.[2]

**The Offense, Plea to the Court, and Guideline Calculations**

On April 27, 2026, Yachua Mauricio Flores pled guilty to Count 7 of the seven-count First Superseding Indictment, in which he was named along with his seven Codefendants.[3]

---

[1] Paragraph 28. "Flores was also seen on video holding a brick or chunk of rock and identifying where additional riot activity was, seemingly encouraging others to join in."

Paragraphn 29. "Furthermore, Flores was seen on video burning an American flag surrounded by a crowd while yelling anti-government and anti-law enforcement things"

[2] In the landmark 1989 case Texas v. Johnson (491 U.S. 397) and United States v. Eichman (1990), the Supreme Court ruled that burning the American flag is protected symbolic speech. This overturned laws in 48 states that had previously outlawed flag desecration

[3] Adam Charles Palomero (Palomero), Ismael Vega (Vega), Ronald Alexis Coreas (Coreas), Jesus Gonzalez-Hernandez, Jr.,

US v. Flores   **Defendant's Sentencing Position**   Case No 25-cr-00731-JWF

Count 7 charged Mr. Flores with Obstructing, Impeding, or Interfering with Law Enforcement During Civil Disorder, in violation of 18 U.S.C. §§ 231(a)(3); 2(a).

In the written Plea agreement Mr. Flores and the Government agreed to a base offense level of 24 pursuant to USSG §2K1.4(a)(1)(A).

The parties also agreed to reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a). Further, the parties agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offensecharacteristics, adjustments, or departures relating to the offense level be imposed.

In addition the government has conditionally agreed to recommend up to a 3-level reduction for acceptance of responsibility; and to recommend that Mr. Flores be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level is 11 or higher.

**Base Offense Level** **24**

---

(Hernandez), Stefano Deong Green (Green), Balto Montion (Montion), Hector Daniel Ramos (Ramos), and Junior Roldan (Roldan).

**Acceptance of Responsibilty**                                      **-3**

**Adjusted Guideline Offense Level:**                                **21**

**Criminal History**

   Mr. Flores qualifies for the benefits of USSG 4C1.1 the Zero-Point Offender Reduction.                                 **-2**

**Further Adjusted Guideline Offense Level:**                        **21**


### Sentencing Issues

   The Ninth Circuit has made it clear that the Sentencing Guidelines are only one factor to be considered among those factors set forth in 18 U.S.C. Section 3553(a), in determining an appropriate sentence for defendants facing the Court's justice.

   The overarching statutory charge for a district court is to "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a) and (a)(2).

////

////

////

US v. Flores   **Defendant's Sentencing Position**   Case No 25-cr-00731-JWF

It is clear that a sentencing court must give respectful consideration to the U.S. Sentencing Guidelines, Booker[4] permits the court to tailor the sentence in light of other statutory concerns as well.

The district court should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties, i.e., it should consider the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed; the kinds of sentences available; the kinds of sentence and the sentencing range established in the Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims. 18 U.S.C. § 3553(a)(1)-(7); Gall, 552 U.S. at 50 n. 6, 128 S.Ct. 586.

In light of the foregoing the post Booker sentencing scheme has been to have the Guidelines as the starting point and the initial benchmark, district courts may impose sentences within statutory limits based on appropriate consideration of all of the factors listed in 18 U.S.C.S. § 3553(a)[5], subject to appellate review for "reasonableness."

---

[4] United States v Booker 543 U.S. 220(2005)
[5] Pursuant to 18 U.S.C. § 3553(a), the Court shall impose a sentence

Before the Court is Yachua Flores, a young man who was born in May of 2003.  Mr. Flores and his family live in the Lincoln Heights area of Los Angeles.  Mr. Flores has been, for the most part a law abiding young man.

As the Court is no doubt aware, the date of the criminal acts in the indictment occurred on or or about June 8, 2025. A little over three years prior Mr. Flores' mother was murdered in Lincoln Heights area of the city of Los Angeles on June 10, 2022.[6]  Despite numerous attempts to speak with the Police about the status of the murder of his mother Esperanza Blanco, Mr. Flores and his family have never been able to get any response from the Police Department his

sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed, shall consider:
1. The nature and circumstances of the offense and the history and characteristics ofthe defendant;
2. The need for the sentence imposed--
a. To reflect the seriousness of the offense; to p
romote respect for the law, and to provide just punishment for the offense;
b. To afford adequate deterrence to criminal conduct;
c. To protect the public from further crimes of the defendant; and
d. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
3. The kinds of sentences available;

[6] A copy of the Los Angeles Police Department report DR. No. 22-04-09678 is attached hereto as Exhibit A of Defendant's Sentencing position.

US v. Flores    **Defendant's Sentencing Position**    Case No 25-cr-00731-JWF

mother's murder.   While it is obvious that the California Highway Patrol and Los Angeles Police Department are two different agencies, the Civil protests in many ways started out as civil protests against the police in general.

In the time after his mother's murder, Mr. Flores,  did not receive any grief counseling or counseling of any kind as a result of this most tragic event in his life, nor was he offered any.  Mr. Flores does not offer this fact as an excuse for his actions, but the situation should not be ignored when assessing the sentence to be imposed in this case.

Mr. Flores was basically cooperative with the authorities and he accepted responsibility for his action, early on these proceedings.  Since the time of his initial appreance in Court. He has sought help through Homeboys Industries.

V.

**CONCLUSION**

In light of the foregoing, the defense requests that the Court impose a sentence below the guideline months and one for recommended in the PSR and Government.

*Kenneth Reed*
_____
Kenneth A. Reed
Attorney for Defendant
Yachua Flores

US v. Flores    **Defendant's Sentencing Position**    Case No 25-cr-00731-JWF

**EXHIBIT  A**

Los Angeles Police Department
## DEATH INVESTIGATION

COMBOBOX13  COMBOBOX12  MA

DR NO. 22-04- 09478

NAME OF DECEASED (LAST, FIRST, MIDDLE)
Blanco, Esperanza

CONNECTING REPORTS
Murder I R.

| DESCRIPTION OF DECEASED | SEX | DESCENT | HAIR | EYES | HEIGHT | LOCATION DECEASED DISCOVERED | R.D. | DATE & TIME REPTD. TO P.S. | |
|---|---|---|---|---|---|---|---|---|---|
| | F | HISP | BRN | BRN | 5'2" | 2311 Alta Street | 0424 | 06/10/2022  9:05 P. | ☑ HOMICIDE ☐ SUICIDE ☐ ACCIDENTAL ☐ TRAFFIC ☐ NATURAL ☐ UNDETERMINED |

| WEIGHT | AGE | D.O.B. | BUILD | COMPLEXION | DATE & TIME DECEASED DISCOVERED | OCCUPATION OF DECEASED | |
|---|---|---|---|---|---|---|---|
| 140 | 47 | 01/11/1975 | med | med | 06/10/2022  9:05 P.M. | Unknown | |

| IDENTIFYING MARKS AND CHARACTERISTICS | LOCATION OF ORIGINAL ILLNESS OR INJURY | R.D. | TYPE ORIGINAL REPORT |
|---|---|---|---|
| | 2311 Alta Street | 0424 | Murder |

| CLOTHING AND JEWELRY WORN | REMOVED TO (ADDRESS) | RELATIVES NOTIFIED BY |
|---|---|---|
| blk tshirt, blk pants, blk shoes | LACUSC Medical Center 2051 Marengo Street | Det Alvarez |

INVESTIGATIVE DIVISION/UNITS NOTIFIED AND PERSONS CONTACTED
Central Bureau Homicide Det-III G. Gibson #32645

INCIDENT NUMBER
22061000003957

| PROBABLE CAUSE OF DEATH | DATE/TIME DEATH OCCURRED | REMOVED BY (NAME/ UNIT) |
|---|---|---|
| Gunshot wounds | 06/10/2022  9:43 P.M. | LAFD R/A 12 |

| DECEASED'S RESIDENCE ADDRESS | DECEASED'S BUSINESS ADDRESS | S.I.D. "C#" PHOTOGRAPHS |
|---|---|---|
| | | 0561977 |

CODE:  R - Person Reporting Death  D - Person Discovering Deceased  I - Person Identifying Deceased  W - Witness

| NEAREST RELATIVE | RELATIONSHIP | | ADDRESS | CITY/ZIP | PHONE | X |
|---|---|---|---|---|---|---|
| R Mauricio Flores Castillo | Husband | NOTIFIED ☑ YES ☐ NO | R 2037 Lincoln Park Avenue, Los Angeles, 90031 B | | (213)562-9351 | X |
| NAME | | D.O.B. | R B | | | |
| NAME | | D.O.B. | R B | | | |

| PERSON CAUSING DEATH | | SEX | DESCENT | AGE | WEAPON (IF KNIFE OR GUN, DESCRIBE FULLY) |
|---|---|---|---|---|---|
| Unidentified | | | | | 9mm semi-automatic handgun |

| DOCTOR IN ATTENDANCE | BUSINESS ADDRESS | CITY | PHONE |
|---|---|---|---|
| | | | |

| SOURCE OF CALL (SHOW NOTIFIED AND BY WHOM) | WAS LOCATION SEALED? | |
|---|---|---|
| Next of kin was at scene | ☑ NO  ☐ YES  YES - BY WHOM: | |

| CORONER'S CASE NUMBER | ASSIGNED BY | WHO PRONOUNCED DEATH | TIME PRONOUNCED |
|---|---|---|---|
| 2022-06105 | Graciano #657833 | Dr. Johnson | 2143 |

| DISPOSITION OF PROPERTY | ☐ RELEASED TO CORONER | RECEIPT | ☐ YES  ☑ NO | CORONER'S INVENTORY RECEIPT NUMBER: |
|---|---|---|---|---|
| NO ☑ PROPERTY | ☐ RELEASED TO RELATIVE | NAME | ADDRESS | |

### NARRATIVE

On Friday, June 10, 2022, at approximately 2105 hours, Hollenbeck patrol officers Ruiz, Serial No. 44849, and Wilson, Serial No. 39076, assigned Unit 4A53, responded to an "Ambulance Shooting" call at 2311 Alta Street. Upon their arrival, the officers located the victim, identified as Esperanza Blanco, lying on the street, suffering from gunshot wounds to her upper torso area.

Los Angeles City Fire Department - Rescue Ambulance 12 responded to the location and rendered emergency medical aid to Blanco. Blanco was transported to LAUSC Medical Center, where Dr. Johnson continued efforts to render aid. Despite his efforts, Blanco succumbed to her injury and Dr. Johnson pronounced her death at 2143 hours.

Detectives from Central Bureau Homicide were contacted and notified of the incident.

| SUPERVISOR APPROVING | | SERIAL NO. | INTERVIEWING OFFICER(S) | SERIAL NO. | DIVISION | DETAIL |
|---|---|---|---|---|---|---|
| DATE AND TIME REPRODUCED | DIVISION | CLERK | H. Salas | 32702 | OCB | Homicide |
| 93.11.60 (81/22) | | | D. Alvarez | 31339 | OCB | Homicide |

DEATH INVESTIGATION

Page 1 of _____

Case 2:25-cr-00731-JFW    Document 315    Filed 07/02/26    Page 10 of 12    Page ID
#:1882

The Homicide Report    A STORY FOR EVERY VICTIM    FAQ    CONTACT    COMMENTS



Leaflet | Map data (c) OpenStreetMap contributors, CC-BY-SA

Died on
## June 10, 2022

Alta St. // N. Broadway
Age: 47
Gender: Female
Cause: Unknown
Race/Ethnicity: Latino
Agency: None



# Esperanza Blanco Hernandez, 47

JULY 18, 2022

Esperanza Blanco Hernandez, a 47-year-old Latino female, died Friday, June 10, at Alta St. // N. Broadway, according to Los Angeles County Medical Examiner-Coroner's records.

Case 2:25-cr-00731-JFW    Document 315    Filed 07/02/26    Page 11 of 12    Page ID #:1883

JUNE 24, 2022

Rene Alberto Hernandez, 31

JUNE 24, 2022

Reynold Genghis Vite, 28

## More from The Homicide Report

      

---

## Share a memory or thought about Esperanza Blanco Hernandez

Before you post, here are some answers to frequently asked questions:

- Why does the Homicide Report give the race of victims and suspects?
- Why does the Homicide Report list killings by police?

Remember, all posts are approved by a Times staffer. Profanity and personal attacks will not be approved.

Name    Required

Email    Required

Your comment here

Preview

Email addresses are not republished or used for marketing
purposes.

Terms of Service | Privacy Policy | About Our Ads | © | About This Site