LAW OFFICE OF CURTIS V. LEFTWICH
California Bar No. 71630
18809 Los Alimos Street
Northridge, CA 91326
Tel: (818) 324-2091
Email: thedorsal@aol.com

Attorney for Defendant
JUNIOR ROLDAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:25-cr-00731-JFW-09 |
| Plaintiff, | **SENTENCING MEMORANDUM FOR DEFENDANT JUNIOR ROLDAN** |
| v. | |
| JUNIOR ROLDAN, | Hearing Date:  July 27. 2026 |
| Defendants. | Time:          8:30 A.M. |

Defendant, JUNIOR ROLDAN, through his counsel, Curtis V. Leftwich hereby files his sentencing position.

This Sentencing Memorandum is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument that may be presented to the Court.

The defendant respectfully requests the opportunity to supplement his position or respond to any positions asserted by the Government or the United States Probation and Pretrial Services Office as may become necessary.

Dated:  July 6, 2026          Respectfully submitted,

/s/ Curtis Leftwich
CURTIS LEFTWICH, ESQ.
Attorney for Defendant
JUNIOR ROLDAN

SENTENCING MEMORANDUM FOR DEFENDANT JUNIOR ROLDAN

# I.

# INTRODUCTION

Twenty-seven year old Junior Roldan, a young man who originally was brought to the United States by his single mother at the age of eight, stands before this Court having pled guilty to his participation in the protests that occurred in downtown Los Angeles on June 8, 2025.  Major news outlets noted that thousands filled the streets near the Metropolitan Detention Center and City Hall to demonstrate against immigration crackdowns and the deployment of the National Guard.

Many of the June 8th protestors peacefully exercised their First amendment right, but other individuals directly engaged in violent actions and the assault on law enforcement officers. And others, like Mr. Roldan, allowed themselves to be caught up in the moment and join in some of the violent activities that were occurring, despite the fact that they had no history of involvement in any kind of criminal or violent activities.  Mr. Roldan was one of hundreds of individuals on an overpass bridge above the freeway.  He participated in rock throwing at several unoccupied CHP vehicles which were stopped below the overpass and helped another individual throw a scooter from the overpass onto the freeway, which narrowly missed one of the CHP vehicles.

Fortunately, his participation did not result in serious injury to the officers who had taken refuge under the overpass on the side of the freeway. Unfortunately, his behavior on June 8th not only brings him before this Court to learn what punishment the Court will order but also puts in question his ability to retain his United States residency which he received a little over ten years ago.

## II.

## PROCEDURAL FACTS

### A. The Case

Junior Roldan was arraigned on October 29, 2025 on a complaint that was filed on October 2, 2025.  The complaint charged Mr. Roldan with Obstructing, Impeding, and Interfering with Law Enforcement During a Civil Disorder (18 USC §231(a)(3).  Bail was granted.  The surety who signed the bond is the mother of his 8 year old daughter.

A First Superseding Indictment naming Mr. Roldan as one of nine defendants was filed on November 7, 2025.  On April 24, 2026 a plea agreement was filed with the Court.  On April 29, 2026 the defendant pled guilty to a single-count First Superseding Information charging Mr. Roldan with Simple Assault on a Person Assisting a Federal Officer, in violation of 18 USC § 111(a)(1), a Class A misdemeanor.  Sentencing was scheduled for July 27, 2026.

### B. The Plea Agreement

Under the terms of the plea agreement the parties stipulated to Sentencing Guideline Base Offense Level of 10 (USSG §2A2.4(a)) and a three level enhancement for a dangerous weapon (USSG §2A2.4(b) (1)(B)).  The dangerous weapon was rocks.  The parties also agreed not to seek, argue or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustment or departures relating to the offense level were appropriate.

The parties also agreed that an appropriate disposition of this case is that the Court impose a three-year period of probation, no custody time and a number of conditions, including 120 hours of community service.

### C. The Pre-Sentence Report

The Presentence Report was disclosed on June 22, 2026.  The recommended sentence mirrored the agreements in the plea agreement.  After reducing the

agreed upon Level 13 Offense Level by two levels for acceptance of responsibility, the Final Adjusted Base Offense Level is Level 11; Mr Roldan has no prior convictions and is therefore in Criminal History Category I[1] resulting in the Guideline recommended sentencing range of 8-12 months.

The sentence recommended by Probation is three years probation and 120 hours of community service which comports with the contents of the plea agreement entered into by the parties in this case.

**C. The Government's Sentencing Position**

The Government's sentencing position has not been filed yet.

**D. The Defense Position**

The defendant in his plea agreement has already agreed to the Guideline calculation which has also been affirmed in the Presentence Report: to wit, Final Adjusted Offense Level 11, Criminal History Category I, which suggests a sentencing range of 8-12 months[2].

The defense also agrees with the recommended sentence of three years probation and a number of conditions including 120 hours of community service.

Restitution for damage caused to the CHP vehicles is also mandatory in this case. As ordered by this Court, the parties have conferred and arrived at an agreement that the appropriate amount of restitution that the defendant should be ordered to pay is $126,707.62.

---

[1] Mr. Roldan has zero Criminal History points, however, he does not qualify for the zero point offender reduction because the offense of conviction involved violence. Furthermore, under the terms of the plea agreement, the parties did not include this reduction in the agreed upon Guideline calculation.

[2] As noted in the Presentence Report, the actual sentencing range is 8-14 months. However, the offense to which Mr. Roldan has pled guilty carries a maximum sentence of 12 months.

**SENTENCING MEMORANDUM FOR DEFENDANT JUNIOR ROLDAN**

4

# III.

## THE 3553 (A) FACTORS IN THIS CASE SUPPORT

## IMPOSITION OF THREE YEARS OF PROBATION

## AND 120 HOURS OF COMMUNITY SERVICE.

### A.  Individualized Sentencing and Consideration of §3553(a) Factors

The overarching duty imposed on this Court by Congress is to arrive at a sentence sufficient but not greater than necessary to achieve the goals of sentencing.  See 18 U.S.C. section 3553(a); *Kimbrough v. United States*, *Ibid*. and *United States v. Carty, Ibid*.

With respect to sentencing, a judge in the exercise of his or her discretion may consider information about a defendant's past, life, health, habits, conduct and mental and moral propensities. The selection of the most appropriate sentence is best served by the fullest information possible concerning defendant's life and characteristics. See 18 U.S.C. §3553; *Koon v. United States*, 518 U.S. 81 (1996); *Gall v. United States*, 128 S. Ct. 586 (2007), *Kimbrough v. United States*, 128 S.Ct. 558 (2007); *United States v. Carty*, 520 F.3d 984 (9th Cir.2008).

### 1.  Personal History and Characteristics of the Defendant;

Mr. Roldan's mother came to the United States from Guatemala in 2006, bringing with her two young sons, Christopher who was 10 years old and Junior who was 8. Mr. Roldan does not report any major difficulties with learning English and assimilating.

As a young teenager Mr. Roldan went through a period of rebellion during which he neglected his studies and had a number of  brushes with the law.  As a result he was sent to a juvenile camp for six months.  Not long after his release, his grandmother died and he became involved in a relationship with the mother of his first child.

Mr. Roldan states that these events were life changing.  He was deeply

affected by the death of his grandmother who had been the primary caregiver as his mother worked long hours to provide for the family. The birth of his daughter, Destiny, when he was 18 years, was also life changing.  Although the relationship with Destiny's mother ended, he continues to be committed to his daughter, providing financial assistance and co-parenting.

Mr. Roldan learned his work ethic from his mother and grandmother.  He not only works a full time job to provide for his children and to help his mother with household expenses, but he takes additional work assignments when they are available and he also makes videos for social media.  He would like to become a Metro Bus Driver, or possibly a barber, in order to improve his earning power.

Exhibit B, attached here, includes several letters of support for Mr. Roldan. They are all summarized by a statement in the letter from Kathy Tovar, the mother of his daughter, Destiny:

> Based on my experience knowing Junior, I believe this situation does not define who he is as a person. The Junior I know is a loving father, a devoted son, a responsible worker, and someone who genuinely cares about others.

The consequences of Mr. Roldan's actions on June 8th not only do not "define him as a person," but they also have long reaching consequences.  The events of June 8, 2025 have resulted in both the case before this court and a similar case in the Los Angeles Superior Court.  The restitution which will be ordered in this case, will be a burden on his future earnings for many years to come to come, probably decades.  And the possibility of losing his United States residency also looms ahead of him.

A probationary sentence of three years is sufficient, but not greater than necessary to fulfill the sentencing goals enunciated in 18 U.S.C. § 3553.

**SENTENCING MEMORANDUM FOR DEFENDANT JUNIOR ROLDAN**

**2. <u>Nature and Circumstances of the Offense:</u>**

The Court is well informed of the events that occurred on June 8, 2025 in Los Angeles and Mr. Roldan's limited participation in those events.  Mr. Roldan has written a letter of apology to the CHP officers who were put in danger by the acts of Mr. Roldan. [A copy is attached here as Exhibit A]

**3. <u>An Appropiate Sentence Should Afford Adequate Deterrence to Criminal Conduct to Protect the Public from Further Crimes of the Defendant</u>**

There are individuals, who like Mr. Roldan, do not require a prison sentence to deter them from committing future crimes or to protect the public from further crimes that might be committed by the defendant.  As the Court can see from the reports in this case, Mr. Roldan's only prior "criminal history" were juvenile cases which occurred when he was 15 years old, over 12 years ago.

A probationary sentence of three years is sufficient, but not greater than necessary to full the sentencing goals enunciated in 18 U.S.C. § 3553.

**3. <u>An Appropiate Sentence Should  Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner."</u>**

A condition of the bail that was granted to Mr. Roldan in this case required abstinence from all drug usage, including marijuana.  Mr. Roldan began smoking marijuana as a young teen and had continued with this habit through the date of his arrest in this case.  He did not consider himself to be addicted although he vaped marijuana on a daily basis.

When he tested positive for marijuana usage shortly after his release on bail, he was ordered to enroll in an outpatient drug program.  Mr. Roldan states that his participation in the program (Town Center) has been a silver lining to his arrest in this case.  The program has given him a new perspective on the dangers inherent in his daily marijuana usage and taught him to appreciate a life which is not

dependent on a drug habit. [See Exhibit C, filed under seal.]

One of the conditions of the recommended probationary period will allow the probation department to mandate his enrollment in additional classes, should he lose his resolve and return to the daily habit of using marijuana.

## V.

## CONCLUSION

For all the reasons discussed above, the defense urges this Court to make a finding that the correct Guideline calculation for Mr. Roldan's criminal conduct is Level 11, Criminal History Category I and to sentence him to the probationary sentence envisioned by the plea agreement and recommended by Probation.

Respectfully submitted,

/s/ *Curtis V. Leftwich*
CURTIS V. LEFTWICH, ESQ.
Attorney for Defendant
JUNIOR ROLDAN