TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division
LANA MORTON OWENS (Cal. Bar No. 233831)
Assistant United States Attorney
Deputy Chief, National Security Division
SEBASTIAN BELLM (Cal. Bar No. 359407)
Assistant United States Attorney
General Crimes Section, Criminal Division
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-8692/3547/0119
     Facsimile:  (213) 894-2927
     E-mail:     lana.owens@usdoj.gov
                 jenna.long@usdoj.gov
                 sebastian.bellm@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>               v.<br><br>ADAM CHARLES PALERMO ET AL.,<br><br>               Defendants. | No. CR 25-CR-731(E)-JFW-5<br><br>JOINT STATEMENT FOR DEFENDANT JESUS GONZALEZ HERNANDEZ REGARDING RESTITUTION<br><br>Hearing Date: July 20, 2026<br>Hearing Time: 8:00 a.m.<br>Location:     Courtroom of the<br>              Hon. John F. Walter |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Lana Morton Owens and Sebastian Bellm, and defendant JESUS GONZALEZ HERNANDEZ, JR. ("defendant"), by and through his counsel of record, William

///

Hovsepyan, hereby file a Joint Restitution Statement for the Court's consideration.


Dated: July 15, 2026          Respectfully submitted,

                              TODD BLANCHE
                              Acting Attorney General
                              BILAL A. ESSAYLI
                              First Assistant United States Attorney

                              IAN V. YANNIELLO
                              Assistant United States Attorney
                              Chief, National Security Division

                              _____ /s/ *Sebastian Bellm*_____
                              LANA MORTON OWENS
                              SEBASTIAN BELLM
                              Assistant United States Attorneys

                              Attorneys for Plaintiff
                              UNITED STATES OF AMERICA



                              _/s/ *William Hovsepyan (w/ Auth.)*[1]_
                              WILLIAM HOVSEPYAN

                              Attorney for Defendant
                              JESUS GONZALEZ HERNANDEZ, JR.

---

[1] Pursuant to Local Rule 5-4.3.4, the filer attests that all signatories have concurred in this filing's content and have authorized the filing.

2

**JOINT STATEMENT**

On June 16, 2026, the Court ordered the government to provide counsel for defendant the evidence that it will rely on in support of its calculation of the amount of restitution that should be ordered by the Court pursuant to the Mandatory Victims Restitution Act of 1996.  (Dkt. 294.)  The Court further ordered the parties to meet and confer to agree on the amount of restitution that should be ordered by the Court.  (Id.)

The parties have met and conferred and agreed that defendant should be responsible for $86,221.30 in restitution, representing the damage caused to one of the three vehicles damaged during the civil disorder.  This restitution order should be joint and several liability with any other co-defendants the Court orders to pay restitution. The parties further agree to a payment schedule of 10% of the defendant's gross monthly income, which is different from the repayment schedule proposed by United States Probation.[1]  See United States v. Ross, 310 Fed. Appx. 160, 162 (9th Cir. 2009) (finding that "immediate repayment is the rule" but that "[e]xceptions may be made in the interests of justice, such as when the defendant is not able to make more than nominal periodic payments," and the defendant carries the burden of proving such inability).  The parties submit that all fines should be waived to allow defendant to pay restitution.

---

[1] In the Presentence Investigation Report ("PSR") filed by U.S. Probation and Pretrial Services ("Probation") on June 15, 2026, Probation recommends a payment schedule of "[a]t least 10% of the defendant's gross monthly or $200, whichever is greater, towards restitution and a fine."  (PSR ¶ 89.)