# Inner City Press

FILED

CLERK, U.S. DISTRICT COURT

07/15/2026

CENTRAL DISTRICT OF CALIFORNIA

BY_____GSA_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, Plaintiff, v. JUNIOR ROLDAN, et al., Defendants.
Case No. 2:25-cr-00731-JFW

## MOTION OF INNER CITY PRESS TO INTERVENE FOR THE LIMITED PURPOSE OF SEEKING TO UNSEAL DOCKET NOS. 329, 330, AND 331

Inner City Press, a news organization covering federal court proceedings and public access issues, respectfully moves to intervene for the limited purpose of seeking to unseal Docket Nos. 329, 330, and 331, filed July 13, 2026 in connection with the sentencing of Defendant Junior Roldan. Non-parties, including the press, may intervene to assert the public's right of access to judicial records. San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1100 (9th Cir. 1999).

On July 13, 2026, Defendant Roldan filed an ex parte application (Dkt. No. 329) for an order permitting him to file Exhibit C to his sentencing memorandum under seal. The Court granted that application the same day (Dkt. No. 330), and the exhibit itself was thereafter filed under seal (Dkt. No. 331). All three documents remain entirely sealed from public view; the docket text discloses no reasoning and no finding in support of sealing.

Sentencing memoranda and their exhibits are judicial documents subject to the presumption of public access at its highest strength, because they are submitted to influence a core judicial determination — here, the sentence to be imposed on a defendant who has pleaded guilty in a multi-defendant federal prosecution. Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1098-1102 (9th Cir. 2016). Under Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006), a court may seal such records only upon "compelling reasons supported by specific factual findings," and may not rely on "hypothesis or conjecture." An ex parte application granted the same day it is filed, without any order reciting particularized findings, does not satisfy that standard on its face — and this Court cannot be presumed to have made findings it did not state, nor can the public test findings it cannot see.

Inner City Press does not know, and does not speculate about, the content of Exhibit C. It may be that the exhibit contains material genuinely warranting

Inner City Press: E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Box 130222, Chinatown Station, New York, NY 10013

protection — for example, sensitive medical, family, or safety-related information of the kind courts routinely and properly redact from sentencing submissions. If so, the appropriate remedy under this Circuit's law is a redacted public version, accompanied by an order stating the specific reasons redaction is necessary and why no narrower alternative would serve. What is not appropriate, under Kamakana and this Court's own obligation to make the sealing analysis transparent, is complete and unreasoned sealing of an entire exhibit, and of the very order that authorized it, with no public explanation at all.

Numerous Federal judges docket and act on Press requests such as this, routinely in SDNY (leading to the 2d Circuit, Lee v. Greenwood, 145 F.4th 248, No. 23-7432-cr, 2025 WL 2101302, https://www.courtlistener.com/docket/69090920/lee-v-greenwood/ and see, most recently (May 22, 2026), UMG Recordings, Inc. v. Suno, Inc. (1:24-cv-11611) District of Massachusetts (F. Dennis Saylor IV, J), " A member of the press has submitted a letter opposing the motion to impound. (Dkt. No. [233]), https://www.courtlistener.com/docket/68878608/233/umg-recordings-inc-v-suno-inc/ and Colorado (hearing on "non-party Inner City Press's responses in opposition to
restriction) https://www.courtlistener.com/docket/69318033/77/jones-v-united-airlines-inc/ and Maryland (June 12,
2026) https://www.courtlistener.com/docket/72457825/22/united-states-v-rappaport/ and also in EDNY (see,
e.g. https://www.courtlistener.com/docket/67935173/57/united-states-v-karony/) and 2026 https://www.courtlistener.com/docket/73591106/1/in-re-inner-city-press/ and DDC (see,
e.g. https://www.courtlistener.com/docket/50260045/117/united-states-v-reffitt/ and https://storage.courtlistener.com/recap/gov.uscourts.dcd.235480/gov.uscourts.dcd.235480.19.0.pdf ("Let this be filed")

Let *this* be filed.

Inner City Press respectfully requests that the Court: (1) unseal Docket No. 330, the order granting leave to file under seal, so that the public may know the stated basis, if any, for the sealing; (2) direct Defendant Roldan to file a public, redacted version of Exhibit C, redacting only such specific material as satisfies Kamakana, supported by particularized findings; and (3) to the extent the Court is inclined to deny this motion, permit Inner City Press an opportunity to be heard before doing so, by requesting supplemental briefing or a further submission.

Dated: July 15, 2026

Respectfully submitted,

/s/
Matthew Russell Lee, Inner City Press
PO Box 130222, Chinatown Station, New York, NY 10013
matthew.lee@innercitypress.com | 718-716-3540

June 2, 2026, Playground (UK), "Suno Fights Music Labels to Keep AI Training Track Count Secret," "This dispute has drawn intervention from Inner City Press (ICP), which is urging the court to deny Suno's request to keep documents containing the training tally confidential. Matthew Lee from ICP argues the information is of significant public interest,"

https://theplayground.co.uk/suno-fights-music-labels-to-keep-ai-training-track-count-secret/

April 6, 2026, New York Times, "Suspect in Hacking of Climate Activists Is Extradited to New York," by Karen Zraick, "His extradition to the United States from Britain was reported earlier by Inner City Press," https://www.nytimes.com/2026/04/06/climate/forlit-exxon-dci-hacking-extradition.html