UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
Criminal Minutes -- General

Case No.    **CR 25-731(A)-JFW**                                    Dated: July 24, 2026

===============================================================

PRESENT:   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

Shannon Reilly                                         Lana Morton Owens
Courtroom Deputy                                       Sebastian Bellm
                                                       Asst. U.S. Attorney
                                                       Not Present

===============================================================

U.S.A. vs (Dfts listed below)                          Attorneys for Defendants

9.    Junior Roldan                             9.    Curtis V. Leftwich, CJA
      not present - on bond                            not present - appointed

_____

**PROCEEDINGS (IN CHAMBERS):**            **ORDER GRANTING MATTHEW RUSSELL LEE'S LIMITED MOTION OF TO INTERVENE AND DENYING MOTION TO UNSEAL DOCKET NOS. 329, 330, AND 331 [filed 7/15/2026, 7/17/2026; Docket Nos. 356, 378]**

On July 15, 2026, Matthew Russell Lee, a journalist of Inner City Press, filed a Motion to Intervene for the Limited Purpose of Seeking to Unseal Docket Nos. 329, 330, and 331, and on July 17, 2026, filed a Corrected Motion.  Lee's Motion seeks to unseal the following: (1) Defendant's *Ex Parte* Application for an Order to file Exhibit C to Defendant's sentencing papers (Docket No. 329) ("*Ex Parte* Application"); (2) the Order Granting the *Ex Parte* Application (Docket No. 330); and (3) Exhibit C to the Defendant's sentencing papers (Docket No. 331).  The Court finds this matter appropriate for decision without oral argument, and after considering the moving papers and the arguments therein, the Court rules as follows:

The Court concludes that intervention for the limited purpose of asserting the public's qualified right of access to judicial records is appropriate. *See San Jose Mercury News, Inc. v. U.S. District Court*, 187 F.3d 1096, 1101-02 (9th Cir. 1999). Accordingly, the motion to intervene is **GRANTED** for that limited purpose.  The motion to unseal, however, is **DENIED**.

There is a strong presumption in favor of public access to judicial records. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Because the exhibit at issue was submitted in connection with Defendant's sentencing, it constitutes a judicial record, and the Court may maintain it under seal only upon finding compelling reasons that outweigh the public's qualified right of access. *Id*. at 1178-79. The Court must articulate factual findings sufficient to permit appellate review and ensure that any sealing order is narrowly tailored to serve the interests justifying nondisclosure. *See Oregonian Publishing Co. v. U.S. District Court*, 920 F.2d 1462, 1466-67 (9th Cir. 1990).

Initials of Deputy Clerk __sr__

The Court finds compelling reasons to maintain the *Ex Parte* Application, Order Granting the Ex Parte Application, and Exhibit C under seal.[1]  Exhibit C consists primarily of Defendant's confidential substance-use disorder treatment records and other protected health information submitted solely to assist the Court in evaluating the sentencing factors set forth in 18 U.S.C. § 3553(a). *See* Roldan's Sentencing Memorandum (Docket No. 319) at 7-8.  These materials were submitted to assist the Court in assessing Defendant's history and characteristics, the need for treatment and rehabilitation, and in fashioning a sentence sufficient, but not greater than necessary, to satisfy the purposes of sentencing. They do not concern the underlying facts of the offense or otherwise impact the Court's legal analysis beyond providing confidential background information relevant to sentencing.

The Ninth Circuit has recognized that compelling reasons sufficient to overcome the presumption of public access exist where disclosure would serve improper purposes or reveal highly sensitive information, the public dissemination of which would cause significant harm. *See, e.g., Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)); *In re McClatchy Newspapers, Inc.*, 288 F.3d 369, 374 (9th Cir. 2002).  Confidential medical records are among the categories of information that implicate compelling privacy interests. The Court finds that Defendant has a substantial and legitimate privacy interest in preventing the public disclosure of  records documenting Defendant's medical condition, treatment, recovery, and communications with treatment providers. Public disclosure would reveal intimate personal information having minimal value to the public's understanding of the Court's sentencing determination while creating a substantial risk of unnecessary embarrassment, stigma, and lasting invasion of Defendant's medical privacy.

The Court's conclusion is further supported by the strong federal policy protecting the confidentiality of substance-use disorder treatment records. Congress has recognized that the effectiveness of substance-use disorder treatment depends in significant part upon patients' confidence that records concerning their diagnosis and treatment will remain confidential. *See* 42 U.S.C. § 290dd-2; 42 C.F.R. pt. 2. Although these provisions principally regulate disclosures by federally assisted substance-use disorder treatment programs rather than the sealing of judicial records, they reflect Congress's considered judgment that such records warrant exceptional protection from unnecessary public disclosure. That legislative policy further supports the Court's conclusion that Defendant's privacy interests constitute compelling reasons sufficient to overcome the qualified presumption of public access to these judicial records.

The Court further finds that the sealing order is narrowly tailored. The sealing order applies only to the *Ex Parte* Application, the Order Granting the *Ex Parte* Application, and Exhibit C. Exhibit C contains Defendant's confidential medical and treatment records. The vast majority of the sentencing record (including the parties' publicly-filed sentencing memoranda which discusses Defendant's enrollment in an outpatient drug program and cites to Exhibit C; the sentencing hearing which will be conducted in open court; and the Court's explanation of the sentence imposed) will be available for public inspection. Those materials will adequately inform the public of the basis for the Court's sentencing decision and permit meaningful public oversight of the judicial process without unnecessarily disclosing Defendant's confidential medical information.

---

[1]  After review of the *Ex Parte* Application and Order Granting the *Ex Parte* Application, the Court concludes that those documents were routine filings that were properly filed under seal and Lee's Motion primarily relates to Exhibit C.

Initials of Deputy Clerk __sr__

The Court has also considered whether a less restrictive alternative, including partial unsealing or redaction, would adequately protect the competing interests and concludes that Exhibit C consists almost entirely of confidential medical and treatment information. Redacting names or isolated identifying details would leave little meaningful information suitable for public disclosure while still risking disclosure of protected health information through context, narrative descriptions, and the remaining medical information. The Court therefore finds that no less restrictive alternative would adequately protect Defendant's compelling privacy interests.

Balancing the strong presumption of public access against the compelling privacy interests identified above, the Court concludes that the compelling reasons supporting continued sealing outweigh the public's qualified right of access. The Court further finds that the existing sealing order is narrowly tailored and that continued sealing is necessary to protect Defendant's confidential medical information.  Accordingly, the motion to intervene is **GRANTED** for the limited purpose of seeking access to judicial records, and the motion to unseal the *Ex Parte* Application, Order Granting the *Ex Parte* Application, and Exhibit C is **DENIED**. The Clerk shall maintain the *Ex Parte* Application, Order Granting the *Ex Parte* Application, and Exhibit C (Docket Nos. 329, 330, and 331) under seal unless otherwise ordered by the Court.

IT IS SO ORDERED.

Initials of Deputy Clerk   sr