TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division
LANA MORTON OWENS (Cal. Bar No. 233831)
Assistant United States Attorney
National Security Division
JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division
SEBASTIAN BELLM (Cal. Bar No. 359407)
Assistant United States Attorney
General Crimes Section
1500/1200 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3547/0119
Facsimile: (213) 894-0141
Email: Lana.Owens@usdoj.gov
Sebastian.Bellm@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEFANO DEONG GREEN,<br><br>Defendant. | No. 2:25-cr-00731-JFW-6<br><br><u>PLEA AGREEMENT FOR DEFENDANT STEFANO DEONG GREEN</u> |

1. This constitutes the plea agreement between defendant STEFANO DEONG GREEN ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

a) Participate in the Conviction And Sentence Alternative ("CASA") program, pursuant to the terms set forth in the CASA Program Contract attached as Exhibit A.

b) At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count seven of the First Superseding Indictment in United States v. Adam Charles Palermo et al., Case No. 2:25-CR-731(A)-JFW, which charges defendant with Obstructing, Impeding, and Interfering with Law Enforcement During a Civil Disorder, in violation of 18 U.S.C. § 231(a)(3).

c) Not contest facts agreed to in this agreement.

d) Abide by all agreements regarding sentencing contained in this agreement.

e) Appear for all court appearances, including all CASA program appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

f) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

g) Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

h) Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

THE USAO'S OBLIGATIONS

3. The USAO agrees to:

a) Consent to defendant's participation in the CASA program, pursuant to the terms set forth in the CASA Program Contract attached as Exhibit A.

b) Not contest facts agreed to in this agreement.

c) If defendant successfully completes the CASA program: (i) join in a motion to permit defendant to withdraw the guilty plea entered by defendant pursuant to this agreement, and (ii) move to dismiss as against defendant both the count to which defendant entered guilty plea pursuant to this agreement and the underlying indictment.

d) If defendant does not successfully complete the CASA program: (i) abide by all agreements regarding sentencing contained in this agreement; (ii) at the time of sentencing, move to dismiss the underlying indictment as against defendant; defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed; and (iii) at the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in count seven, that is, Obstructing, Impeding, and Interfering with Law Enforcement During a Civil Disorder, in violation of 18 U.S.C. § 231(a)(3), the following must be true: (1) a civil disorder existed at the time; (2) such civil disorder was resulting in interference with a federally protected function or in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce; (3) one or more law enforcement officers were lawfully engaged in performance of official duties incident to and during commission of such civil disorder; and (4) defendant knowingly committed or attempted to commit any act for the intended purpose of obstructing, impeding, or interfering, either by himself or with someone else with such law enforcement officer or officers.

PENALTIES

5. 5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18 U.S.C. § 231(a)(3), is: five years' imprisonment; a three-year period of supervised release; a fine of $250,000, or twice the gross gain or gross loss, whichever is greatest; and a mandatory special assessment of $100.

6. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized

by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to

an absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

9. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 11 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On June 8, 2025, at approximately 7:00 p.m., in the vicinity of the Main Street overpass of the United Highway 101 (the "101"), which is Main Street between Aliso Street and Arcadia Street (the "Overpass"), in downtown Los Angeles, defendant was present during a civil disorder, meaning a public disturbance involving acts of violence by an assemblage of more than three individuals that caused immediate danger of and resulted in damage to property or person of another individual. Specifically, a large group of people had formed on the Overpass and adjacent streets with officers from the California Highway Patrol ("CHP") and their vehicles below on the 101. The CHP officers were lawfully engaged in performance of their official duties incident to the civil disorder as they had responded to disperse protestors who had blocked all lanes of southbound

traffic of the 101. As protestors on the Overpass and adjacent streets began throwing objects, including rocks and chunks of concrete, scooters, street signs, as well as lighting and throwing fireworks, and lighting and dropping burning debris, the officers and their vehicles were pinned down and unable to safely move from the 101. The CHP officers continued to attempt to protect themselves and CHP property from the ongoing civil disorder and deploy crowd control techniques to disperse the group on the Overpass and adjacent streets. The civil disorder obstructed, delayed, and adversely affected commerce. Specifically, the civil disorder blocked all southbound traffic and severely affected northbound traffic for several hours on the 101, a major interstate highway that crosses California, Oregon, and Washington and is frequently transited by vehicles carrying commodities and articles that move in commerce, as well as individuals engaged in commerce.

Defendant was amongst the large group of people on the Overpass and an adjacent street. At approximately 7:23 p.m., defendant approached the railing of the Overpass and threw a rock at the CHP vehicles below. Defendant then assisted another individual throw a metal street sign over the railing by holding the person’s leg to stabilize him. The street sign made direct contact with a CHP vehicle. Defendant knowingly engaged in the above-described conduct intending that it obstruct, impede, and interfere with the law enforcement officers and their duties.

<u>SENTENCING FACTORS</u>

10. Defendant understands that in determining defendant’s sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible

departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

11. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 10 | U.S.S.G. § 2A2.4(a) |
| Dangerous Weapon: | +3 | U.S.S.G. § 2A2.4(b)(1)(B) |
| Total Offense Level: | 13 | |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

12. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

13. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

14. Defendant understands that by pleading guilty, defendant gives up the following rights:

a) The right to persist in a plea of not guilty.

b) The right to a speedy and public trial by jury.

c) The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e) The right to confront and cross-examine witnesses against defendant.

f) The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION

15. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any

and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

16. Defendant agrees that, provided the Court imposes a total term of imprisonment within or below the range corresponding to an offense level of 11 and a criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

17. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty

is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

18. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the Guidelines range corresponding to an offense level of 11 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

RESULT OF WITHDRAWAL OF GUILTY PLEA

19. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

20. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

21. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is

sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

COURT AND THE UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

22. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

23. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraphs 11 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete

factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

24. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

25. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

26. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney

SEBASTIAN BELLM
Assistant United States Attorney
Date 09/21/2026

STEFANO DEONG GREEN
Defendant
Date 9-21-26

DAVID R. EVANS
Attorney for Defendant
STEFANO DEONG GREEN
Date 9/21/2026

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

[signature] 9-21-26

STEFANO DEONG GREEN
Defendant

Date

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am STEFANO DEONG GREEN's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

David R Evans
DAVID R. EVANS
Attorney for Defendant
STEFANO DEONG GREEN

9/21/2026
Date